# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PERRY MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-00980-PRW |
| | ) | |
| SHELTER MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After the parties advised the Court that they had reached a compromised settlement in this case, the parties filed a Joint Motion to Strike Exhibits from Court's Record (Dkt. 42), asking this Court either to strike or to seal Exhibits 2 and 3 to Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkts. 37-2 & 37-3). The reason for the request is the parties' agreement that "the documents in question contain confidential and proprietary information of Shelter."[1]

Exhibit 2 (Dkt. 37-2) is a document entitled "Claims Casualty Guidelines" that was specifically designed as a reference tool for Defendant's claim adjusters to help ensure compliance with laws and consistent claims handling. Exhibit 3 (Dkt. 37-3) is a document entitled "Claim Investigation Guide" that contains a checklist of items for Defendant's claim adjusters to do as they investigate new insurance claims. Although both documents

---

[1] Jt. Mot. to Strike Exs. from Ct.'s Record (Dkt. 42) at 1.

bear a stamp that reads "CONFIDENTIAL    SUBJECT TO PROTECTIVE ORDER JUDGE FRIOT," the record does not reflect the entry of a protective order that authorizes the parties to designate produced materials as confidential. What the record does reveal is that Defendant filed a Motion for Protective Order (Dkt. 23) that addressed, among other things, whether Defendant should produce training materials and that Judge Friot ruled from the bench that Defendant would need to produce training materials concerning UM or UIM claims in Oklahoma—including annual updates— that were used to train the claim adjuster who handled Plaintiff's claim.[2]

The parties offer no good basis for striking the documents from the record, and the Court does not believe the records should be wholly removed from the case file.

But the Court is willing to entertain the possibility of sealing the documents. Although the ECF Policies & Procedures Manual specifies the procedure for filing documents under seal, it gives scant guidance regarding when sealing a document is appropriate. Section III.A provides as follows:

> Leave of Court is required to file a document or a portion of a document under seal, which shall be requested by filing a motion and submitting a proposed order granting the relief. In civil cases, the motion requesting leave should not ordinarily be filed under seal and therefore should state only in a general way the reason for the request (i.e., the document contains privileged, sensitive, or personal information). If the motion is granted, the filer shall electronically file the sealed document.[3]

---

[2] Def.'s Mot. for Prot. Order & Br. in Support & Req. for Expedited Relief (Dkt. 23) at 25; Courtroom Minute Sheet (Dkt. 27) at 2.

[3] ECF Policies & Procedures Manual § III.A (W.D. Okla., rev. Aug. 2019).

Fortunately, case law provides guidance where the Manual does not. "Courts have long recognized a common-law right of access to judicial records."[4] "Any effort to seal materials filed or otherwise used in deciding the case should be permitted only if the property or privacy interests involved outweigh the substantial interest of the public in knowing what goes on in their courts."[5] Thus, the Court must strike an appropriate balance between the parties' interest in privacy and the public's interest in knowing what transpires in the courts and what basis exists for the decisions made there.

Upon review of the motion, the Court finds that the parties' privacy interest outweighs the public's access interest. The Federal Rule of Civil Procedure governing the scope of discovery contemplates the protection of "trade secret[s] or other confidential research, development, or commercial information" insofar as it permits entry of a protective order requiring that such information "not be revealed or be revealed only in a specified way."[6] The Court finds both exhibits are proprietary, that Defendant has an interest in protecting their content as a trade secret, and that it is appropriate to shield the exhibits from disclosure in the public record, where it would be accessible to Defendant's competitors. The Court further finds that the public has little interest in access to these records as there was no ruling on Defendant's summary judgment motion, which means the public has no need to discover the basis for a court decision. Lastly, the Court finds the

---

[4] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[5] *Coker v. Hartford Life Grp. Ins. Co.*, No. 5:06-cv-00911-HE, slip op. at 6 (W.D. Okla. Feb. 21, 2007).

[6] Fed. R. Civ. P. 26(c)(1)(G)

relief sought is narrowly tailored insofar as the motion seeks to seal the exhibits alone, but not the response to which the exhibits are attached.

**IT IS THEREFORE ORDERED** that the Joint Motion to Strike Exhibits from Court's Record (Dkt. 42) is hereby **GRANTED IN PART** to permit sealing of the exhibits. Accordingly, the Court **DIRECTS** the Court Clerk to seal Exhibits 2 and 3 to Plaintiff's Response to Defendant Motion for Summary Judgment (Dkts. 37-2 & 37-3).

**IT IS SO ORDERED this 21st day of February, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE